**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                  )
VANDERLEI MEDINA DE OLIVEIRA,      )
                                  )
              Petitioner,          )
                                  )
v.                                 )        Civil Action
                                  )        No. 26-cv-12598-PBS
ANTONE MONIZ, Superintendent,      )
Plymouth County Correctional       )
Facility, et al.,                  )
                                  )
              Respondents.         )
_____ )
```

**ORDER**

July 22, 2026

Saris, J.

Petitioner Vanderlei Medina De Oliveira ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention. The Court previously ordered the government to provide Petitioner with a bond hearing in immigration court that complies with the due process standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). At the hearing, the immigration judge denied Petitioner's request for release on bond. She found that the government had shown by clear and convincing evidence that Petitioner poses a danger to the community based on June 2026 misdemeanor charges of assault and battery on a family or household member and assault and battery and a police report describing the circumstances leading to

1

Petitioner's arrest on those charges. The charges against Petitioner remain pending.

Petitioner now moves to enforce this Court's order, arguing that his bond hearing did not comport with Hernandez-Lara's holding that due process requires the government to prove dangerousness by clear and convincing evidence to justify a noncitizen's detention. See 10 F.4th at 41. The government first responds that Petitioner has failed to exhaust administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals ("BIA"). Yet as this Court has previously held, a noncitizen "need not exhaust an appeal to the BIA" before bringing a due process challenge of this sort "given the irreparable harm caused by [the] allegedly unlawful and ongoing detention." Cuzco Ganzhi v. Moniz, No. 26-cv-11478, 2026 WL 1194941, at *1 (D. Mass. May 1, 2026) (collecting cases).

The Court's authority in reviewing Petitioner's due process challenge "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); see Miti v. Moniz, 827 F. Supp. 3d 206, 217 (D. Mass. 2026), appeal

2

filed, No. 26-1655 (1st Cir. June 1, 2026). The immigration judge in this case articulated the correct burden and standard of proof, so the question is whether the evidence cited by the immigration judge was sufficient to justify her decision to deny bond based on dangerousness. The Court concludes that it was not.

It is true that a criminal charge or arrest need not ripen into a conviction before an immigration judge may consider a police report's description of the underlying conduct when assessing a noncitizen's dangerousness. See Cuzco Ganzhi, 2026 WL 1194941, at *1; Miti, 827 F. Supp. 3d at 217; cf. Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015) ("[I]n reviewing requests for discretionary relief, immigration courts may consider police reports even when they rest largely on hearsay."). But the "clear and convincing standard is a demanding standard to satisfy," United States v. Anonymous Appellant, 85 F.4th 576, 580 (1st Cir. 2023), requiring proof that renders a conclusion "'highly probable' or 'reasonably certain,'" Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 306 n.5 (1st Cir. 2019) (citation omitted) (first quoting Colorado v. New Mexico, 467 U.S. 310, 316 (1984); and then quoting Evidence: Clear and Convincing Evidence, Black's Law Dictionary 674 (10th ed. 2014)).

Here, the allegations against Petitioner in the police report lack sufficient indicia of reliability to support a reasonable conclusion that Petitioner is dangerous by clear and convincing

3

evidence. The police report reflects that the police responded to a domestic incident involving Petitioner, his wife, and his nephew. When the police arrived, Petitioner, who was drunk, and his wife were arguing. The police saw "visible blood stains on the front of [Petitioner's] shirt." Dkt. 12-1 at 11. From there, the report observed that Petitioner's nephew had come down from the third floor and "attempted to get between" Petitioner and his wife "to de-escalate the situation," which led to a mutual "shoving match" between Petitioner and his nephew. Id. The police further observed scratches on the nephew's neck consistent with Petitioner and his nephew "shoving each other." Id. There were no serious injuries reported.

A number of factors militate against dangerousness. Petitioner's nephew, the alleged victim, submitted a letter of support to the immigration court requesting his release. Petitioner submitted other letters of support from family and community members describing his good character. Petitioner, a citizen of Brazil, has lived in the United States with his family for 25 years. He has a stable employment history and currently works as a painter and handyman. He has a lawful permanent resident daughter who lives in the area. Petitioner also had a clean criminal record for 25 years before this incident.

Given Petitioner's time spent living in the United States with no criminal record and the letters of support from his family

4

and friends, including the alleged victim, the evidence before the immigration judge could not reasonably support a highly probable or reasonably certain determination that Petitioner poses a danger to the community. Moreover, although the immigration judge's order states perfunctorily that "no alternative to detention exists that would ensure the safety of the community," Dkt. 12-3 at 1, she did not meaningfully consider if there were any alternatives to detention that could address the risk of danger posed by Petitioner. See Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *3 (D. Mass. Feb. 10, 2026). The procedures violate the Due Process Clause because the evidence does not meet the clear and convincing standard. And the immigration judge did not find Petitioner to be a flight risk.

Accordingly, Petitioner's motion to enforce (Dkt. 12) is **ALLOWED**. The Court **ORDERS** the government to release Petitioner immediately and no later than 12:00 p.m. on July 23, 2026. This order is without prejudice to the government requiring Petitioner to comply with reasonable conditions of supervision. The government shall file a status report within forty-eight hours of the date of this order confirming its compliance with this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

5